IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KADIR GUNDUZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 07-780 |
| U.S. CITIZENSHIP and IMMIGRATION SERVICES, et al., | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

## MEMORANDUM OPINION and ORDER OF COURT

Plaintiff filed a Motion to Stay Proceedings Pending Plaintiff's Appeal of I-360 Revocation. (Docket No. 14). Therein, Plaintiff argues that this case should be stayed because on November 4, 2007, he appealed Defendant's November 2, 2007, revocation of his I-360 Special Immigrant Religious Worker Petition. (Docket No. 14; Docket No. 15, p. 2). Plaintiff acknowledges that I have broad discretion in determining whether to stay a matter. (Docket No. 15, p. 2).

> The power to stay proceedings is incidental to the power inherent in the court power to control the disposition of cases on its docket "with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936); *see also Bechtel Corp. v. Local 215, Laborers' Intern. Union of North America*, 544 F.2d 1207, 1215 (3d Cir.1976). When presented with a request for a stay, the Court "must weigh competing interests and maintain an even balance." *Id.* at 254-55. The competing interests are: (1) the length of

1

> the stay; (2) the balance of harm to the parties; and (3) whether a stay will simplify issues and promote judicial economy. *Smithkline Beecham Corp. v. Apotex Corp.*, 2004 WL 1615307, *7 (E.D.Pa. July 16, 2004) (*citing Cheyney State Coll. Faculty v. Hufstedler*, 703 F.2d 732, 737-38 (3d Cir.1983).

*PNC Bank, N.A. v. U.S.,* 2005 WL 2739204, *1 (W.D. Pa. 2005). In weighing the first factor, I find that the length of the stay is uncertain; however, it should not be too long because it is likely that the appeal will be dismissed based on standing. As the regulations make very clear, only the person or entity with legal standing may file and appeal and that does not include "the beneficiary of a visa petition." 8 C.F.R. §103.3(a)(1)(iii)(B).[1] Consequently, this factor weighs in favor of Plaintiff.

In weighing the balance of the harm of the parties, I find that it weighs in favor of Defendant. As Plaintiff acknowledges, "Plaintiff could re-file this action following a successful AAO appeal...." Defendant, on the other hand, would be required to put a case on hold for an appeal that is likely to be futile. *See,* 8 C.F.R. §103.3(a)(1)(iii)(B). Thus, I find the balance of the harm factor weighs in favor of Defendant.

Finally, I find that the last factor, whether a stay will simplify issues and promote judicial economy, weighs in favor of Defendant. There is a strong likelihood that Plaintiff's appeal will be dismissed based on 8 C.F.R. §103.3(a)(1)(iii)(B).

---

[1] 8 C.F.R. §103.3(a)(1)(iii)(B) provides as follows:

Meaning of affected party. For purposes of this section and §§ 103.4 and 103.5 of this part, affected party (in addition to the Service) means the person or entity with legal standing in a proceeding. It does not include the beneficiary of a visa petition. An affected party may be represented by an attorney or representative in accordance with part 292 of this chapter.

Consequently, putting this case on hold would not simplify any issue or promote judicial economy.

THEREFORE, this **11th** day of December, 2007, after careful consideration and for the reasons set forth within, it is ordered that Plaintiff's Motion to Stay Proceedings Pending Plaintiff's Appeal of I-360 Revocation (Docket No. 14) is denied.

BY THE COURT:

/S/  Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge